IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALBUQUERQUE DIVISION

CIVIL ACTION NO: 1:17-cv-831

NICOLE HIGBEE AND VICTORIA CERVANTES,

    Plaintiffs,

vs.

JAEAB RESTAURANT HOLDINGS, LLC

    Defendant.
_____/

# **COMPLAINT**
*[Jury Trial Demanded]*

Plaintiffs, NICOLE HIGBEE AND VICTORIA CERVANTES, for their Complaint against Defendant, JAEAB RESTAURANT HOLDINGS, LLC state and allege the following:

### SUMMARY

1. JAEAB RESTAURANT HOLDINGS, LLC, (hereinafter "Defendant") required and/or permitted NICOLE HIGBEE AND VICTORIA CERVANTES (hereinafter "Plaintiffs") to work in excess of forty hours per week but refused to compensate them their proper overtime compensation for all hours worked.

2. Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. See, 29 U.S.C. § 207(a).

3. Plaintiffs are FLSA non-exempt worker(s) who have been denied overtime pay required by law, for which Plaintiffs now seek recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331.

5. Venue is proper in this judicial district because Defendant engages in business here and a substantial part of the events giving rise to Plaintiffs' claims occurred here.

## THE PARTIES

6. Defendant JAEAB RESTAURANT HOLDINGS, LLC is a foreign limited liability company engaging in business in the county where this Court is situated.

## COVERAGE

7. Defendant, JAEAB RESTAURANT HOLDINGS, LLC is an enterprise that engages in commerce by operating as a Wendy's Restaurant.

8. Defendant, JAEAB RESTAURANT HOLDINGS, LLC acted, either directly or indirectly, in the interest of an employer with respect to Plaintiffs.

9. Accordingly, Defendant, JAEAB RESTAURANT HOLDINGS, LLC is both a covered "enterprise" and an "employer" under the FLSA.

10. Defendant, JAEAB RESTAURANT HOLDINGS, LLC has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

11. In furtherance of Defendant's business, Defendant, JAEAB RESTAURANT HOLDINGS, LLC'S employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce.

12. At all times material hereto, in furtherance of Defendant' operations, Plaintiffs individually engaged in interstate commerce by regularly and routinely utilizing instrumentalities of interstate commerce, including, but not limited to, phones, credit card

machines, and equipment that was manufactured in other states.

## FACTUAL ALLEGATIONS

13. Defendant engaged in the business of operating as a Wendy's restaurant.

14. Defendant hired Plaintiffs, set their work hours, and determined their rates of pay

15. Plaintiff NICOLE HIGBEE began working for Defendant on or about May 13, 2015 as an hourly manager and continued employment with Defendant until about March 31, 2017.

16. Plaintiff VICTORIA CERVANTES began working for Defendant on or about June 1, 2016 as an hourly shift supervisor and still is presently employed by Defendant.

17. Plaintiffs approximate that they worked an average of 45 hours per week for Defendant; however, they were routinely told to clock out once they hit 40 hours.

18. Defendant failed to compensate Plaintiffs for an average of 5 hours per week throughout their employment.

## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (OVERTIME)

19. Plaintiffs incorporate all allegations contained in the preceding paragraphs.

20. At all relevant times Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

21. Defendant's failure to pay overtime compensation to Plaintiffs violates the FLSA.

22. Plaintiffs are not exempt from the right to receive the appropriate overtime pay under the FLSA.

23. As a result of Defendant's failure to compensate its employees,

including Plaintiffs(s), Defendant has violated—and continues to violate—the FLSA, 29 U.S.C. §§ 206(a)(1)(C) and 207(a)(1).

24. Accordingly, Plaintiffs are entitled to complete compensation for hours worked.

25. Additionally, Plaintiffs are entitled to an amount equal to unpaid overtime wages, liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. § 216(b).

26. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described pursuant to 29 U.S.C. § 216(b).

27. Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

28. Plaintiffs are entitled to have the limitations period extended to three years because Defendant' actions were willful.  29 U.S.C. § 216(b).

29. WHEREFORE, Plaintiffs demand judgment against Defendant plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

**PRAYER**

WHEREFORE, Plaintiffs respectfully request judgment be entered against Defendant for the following:

   a. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times their regular rate;

   b. an equal amount as liquidated damages as allowed under the FLSA;

c.  damages accrued up to three years;

d.  reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

e.  pre-judgment and post judgment interest at the highest rates allowed by law; and

f.  such other relief as to which Plaintiffs(s) may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
Bar No. 15-222
George Z. Goldberg
Bar No. 16mc4
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Direct Line:   (505) 369-3699
Fax:   (888) 272-8822
jloren@lorenlaw.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiff*